JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| HENRY JAMES HOLMES,<br><br>    Petitioner,<br><br>    v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>    Respondent. | No. ED CV 16-01474-DOC (DFM)<br><br>ORDER SUMMARILY DISMISSING PETITION FOR LACK OF JURISDICTION |

## **BACKGROUND**

On July 7, 2016, Petitioner filed in this Court a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254. Dkt. 1 ("Petition"). The Petition appears to seek relief from the sex-offender registration requirement arising out of Petitioner's 2000 guilty plea to one count of assault with intent to commit rape. Id. at 2. The Petition alleges that he was released from custody on May 5, 2002. Id. Petitioner alleges that the sex-offender registration requirement is preventing him from obtaining gainful employment and Section 8 housing. Id. at 5.[1]

---

[1] Petitioner's has supplemented the Petition by filing a Declaration in

This is not Petitioner's first federal habeas petition arising out of his 2000 guilty plea. In 2003, Petitioner filed a petition for writ of habeas corpus in this Court in Case No. ED CV 03-922-NM (Mc). This petition was dismissed without prejudice because Petitioner had not exhausted his state remedies. In 2004, Petitioner filed another petition for writ of habeas corpus in Case No. ED CV 04-370-DOC (Mc). This petition was denied on the merits.

## DISCUSSION

### This Court Lacks Jurisdiction Because the Petition Is a Successive Petition

This Court may not entertain a second or successive habeas petition unless Petitioner obtains leave from the Ninth Circuit Court of Appeals. 28 U.S.C. § 2244(b) reads, in pertinent part, as follows:

> (1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—
>
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

---

which he asks this Court to "grant my request for a judgment of acquittal and relief from this unlawful conviction. I want to go back to work," Dkt. 3 at 3, and a Request for Arrest in which he asks this Court to bring kidnapping charges against the Riverside County Superior Court judge and the Riverside County District Attorney's office for the events leading up to his 2000 guilty plea, Dkt. 4. These filings do not change the Court's conclusion that it lacks jurisdiction of Petitioner's habeas petition.

1    (ii) the facts underlying the claim, if proven and viewed in
2    light of the evidence as a whole, would be sufficient to establish by
3    clear and convincing evidence that, but for constitutional error, no
4    reasonable factfinder would have found the applicant guilty of the
5    underlying offense.
6    (3) (A) Before a second or successive application permitted
7    by this section is filed in the district court, the applicant shall move
8    in the appropriate court of appeals for an order authorizing the
9    district court to consider the application.

10   28 U.S.C. § 2244 (b)(1)-(3); see also Rule 9(b) of the Rules Governing § 2254
11   Cases in the United States District Courts. In addition, Rule 4 of the Rules
12   Governing § 2254 Cases in the United States District Courts provides that if it
13   plainly appears from the face of the petition and any exhibits thereto that the
14   petition is not entitled to relief in the district court, the judge shall make an
15   order for its summary dismissal.
16   Although Petitioner did not disclose his earlier federal petitions in the
17   Petition, it is clear from the face of the Petition that the present Petition is a
18   successive petition attacking the same conviction and sentence in Riverside
19   County Superior Court. There is no indication in the record that Petitioner has
20   obtained permission from the Ninth Circuit Court of Appeals to file a second
21   or successive petition. A district court does not have jurisdiction to consider a
22   second or successive petition absent authorization from the Ninth Circuit.
23   Burton v. Stewart, 549 U.S. 147, 152, (2007); Cooper v. Calderon, 274 F.3d
24   1270, 1274 (9th Cir. 2001) ("When the AEDPA is in play, the district court
25   may not, in the absence of proper authorization from the court of appeals,
26   consider a second or successive habeas application." (citation and quotation
27   marks omitted)).
28   Here, the Petition is a second or successive petition challenging the

same conviction and sentence imposed by the same judgment of the state court as in the prior federal petitions. Accordingly, the Petition must be dismissed until such time as Petitioner obtains permission to file a successive petition.[2]

///

///

**This Court Lacks Jurisdiction Because Petition Is Not "In Custody"**

Relief under 28 U.S.C. § 2254 is available to "a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(d). This Court's authority to grant habeas relief under § 2254 is limited. See Felker v. Turpin, 518 U.S. 651, 662 (1996). By the face of the Petition, Petitioner was released in 2002 and he does not allege that he is serving a term of probation or parole. See Petition at 2. Petitioner appears to maintain that the requirements imposed upon him by sex offender registration satisfy the custody requirement.

Petitioner is wrong. It is well-established that sex offender registration does not meet the requirements of custody for purposes of federal habeas relief; rather, it is a collateral consequence. "The sex offender registration requirement is merely a collateral consequence of conviction, and does not constitute the type of severe, immediate restraint on physical liberty necessary to render a petitioner 'in custody' for the purpose of federal habeas corpus review." Davis v. Nassau Cnty., 524 F. Supp. 2d 182, 188 (E.D.N.Y. 2007); see also Henry v. Lungren, 164 F.3d 1240, 1242 (9th Cir. 1999) (holding that California's sex offender registration law does not meet custody requirement); Williamson v. Gregoire, 151 F.3d 1180, 1185 (9th Cir. 1998) (same holding

---

[2] If Petitioner obtains permission to file a successive petition, he should file a new petition for writ of habeas corpus. He should not file an amended petition in this action nor should he use this case number from this action because the instant action will be closed today. If and when Petitioner files a new petition, the Clerk will give the petition a new case number.

under Washington's sex offender registration law). As a collateral consequence, sex offender registration is not a restraint on Petitioner's physical liberty. "Once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purpose of a habeas attack upon it." Maleng v. Cook, 490 U.S. 488, 492-93 (1989).

## ORDER

IT THEREFORE IS ORDERED that this action be summarily dismissed for lack of subject matter jurisdiction pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:   August 30, 2016

_____
DAVID O. CARTER
United States District Judge

Presented by:

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge